FREDERICK ANDERSON, PLAINTIFF-APPELLEE, v. ELEC-
TRIC LAUNDRY COMPANY, A CORPORATION OF THE
STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted January 26, 1929—Decided June 28, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Pilgrim & Ritger* (*Frederick J. Ritger*,
of counsel).

For the appellee, *Edward M.* and *Runyan Colie* (*Frederick
R. Colie,* of counsel).

PER CURIAM.

This is an appeal from a judgment of the District Court of
the city of Orange. There was a judgment for the plaintiff
entered upon the verdict of a jury, and the defendant appeals.

The plaintiff sued to recover for damage done to his Buick
car by the defendant's automobile in the course of reckless
and careless driving by the driver of the defendant's car.

The first reason assigned for reversal is that "the District
Court erred in giving judgment to the plaintiff instead of the
defendant." There is no merit in this. The case was tried
before a jury and the judgment followed as a matter of course
upon the verdict, and we perceive nothing wrong with such
judgment.

The second reason is that the judge erred in refusing to
nonsuit on the ground that (1) "there was no legal evidence
of the kind of damages," and (2) "there was no legal evidence
of the amount of damages."

We think this point is without merit. There was certainly some evidence of the kind of damages. It tended to show that defendant's car crashed into plaintiff's car necessitating repairs for which plaintiff paid $325. We think that was some evidence of the amount of damages which certainly precluded a nonsuit.

The third reason is that the judge "admitted testimony of the plaintiff as to the value of his automobile before the accident, over objection of the defendant that such testimony was incompetent without proper evidence of the condition of the car at the time of the accident and that plaintiff was not qualified to give his opinion."

We think there is no merit in this point. The plaintiff testified that his car was new in 1927 and was in good condition at the time of the accident. He testified that in his opinion $1,800 was the value of the car before the accident. That testimony was competent. *Teets* v. *Hahn,* 6 *N. J. Adv. R.* 491.

The fourth and last reason is that the court "admitted plaintiff's testimony as to the value of his automobile after the accident over the objection of the defendant that such testimony was incompetent and inadmissible because there was no evidence of the actual damages and that plaintiff was not qualified to give his opinion of such value without evidence of the kind of damages."

We think there is no merit in this. We have pointed out that there was evidence of actual damages, and it was competent for the plaintiff to testify as to the value of the car after the accident. *Teets* v. *Hahn, supra.* Under that case it was not necessary that the plaintiff be qualified as an expert.

The judgment will be affirmed, with costs.