WILLIAM D. LIGON, JR., *v.* CHARLES E. BROOKS.

(*November* 22, 1937.)

HARRINGTON, J., sitting.

*James R. Morford* (of Marvel, Morford, Ward and Logan) for plaintiff.

*Henry R. Isaacs* for defendant.

Superior Court for New Castle County. Action on the Case for Negligence, No. 8, January Term, 1937.

HARRINGTON, J.: There may be exceptions to the rule, but the owner of personal property is usually permitted to state his estimate as to its value (*Chamb. Mod. Law of Evid.*, §§ 2140, 2143; *Chamb. H. B. on Evid.*, § 758; *Huddy's Ency. of Auto Law, Vol.* 17-18, *p.* 548; *Berry on Automobiles, Vol.* 5, *p.* 390; 1 *Wig. on Evid.*, § 716) ; and I think that that general rule should be applied in this case. *Chamb. Mod. Law of Evid.*, §§ 2140, 2143; *Chamb. H. B. on Evid.*, § 758; *Huddy's Ency. of Auto Law, Vol.* 17-18, *p.* 548; see, also, *Teets v. Hahn,* 104 *N. J. L.* 357, 140 *A.* 427; *Grath v. Wilson Motor Car Co.* ( *Mo. App.*), 253 *S. W.* 776; *Anderson v.*

*Elect. Laundry Co.*, 146 *A.* 683, 7 *N. J. Misc.* 567; *Shea v. Hudson*, 165 *Mass.* 43, 42 *N. E.* 114.

██ ██ As was pointed out in *Chamberlayne's Modern Law of Evidence*, § 2143: "He (the owner) may give the value of his household furniture, including articles of clothing or the contents of the stable, carriages, and similar articles. Such an owner may appraise his horses, cattle or other animals. If he has building materials, machinery, or the like, he may estimate as to what they are fairly worth."

Where the property is not what may be fairly termed of the common usual and ordinary nature, the reason for that rule is apparently because the owner's relation to his property is such that it may be fairly regarded as creating in and of itself a species of special knowledge, with respect to its value. *Chamb. H. B. on Evid.*, § 758; *Chamb. Mod. Law of Evid.*, § 2140; *Shea v. Hudson*, 165 *Mass.* 43, 42 *N. E.* 114.

The weight of such evidence necessarily depends on the circumstances, and is for the jury to determine, but for the reasons already given it seems that in most cases no showing of special skill or experience is required to admit the estimate of the owner, as to value, though proof of possession may perhaps increase the weight of his testimony. *Chamb. H. B. on Evid.*, § 758; *Chamb. Mod. Law of Evid.*, § 2140.

In *Huddy's Encyclopedia of Automobile Law, Vol.* 17-18, *p.* 548, *supra*, the author said: "The present or past owner will generally be deemed qualified to give an opinion as to the value of a motor vehicle, but other witnesses must be qualified as to their knowledge of value before they will be allowed to give an opinion on the subject."

The defendant's objection to the question is, therefore, overruled.

The witness, in answering the question objected to, then said that the value of his car immediately prior to the collision was $500.00.