IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY


DIPPOLD MARBLE & GRANITE, INC.,  :
a Delaware Corporation,          :
                                 :     C.A. No: K12C-09-021 RBY
_____Plaintiff,             :
                                 :
                                 :
      v.                         :
                                 :
                                 :
HARLEYSVILLE MUTUAL              :
INSURANCE COMPANY, a corporation, :
                                 :
      Defendant.                 :


*Submitted: May 2, 2014*
*Decided: July 21, 2014*


***Upon Consideration of Defendant's***
***Motion to Dismiss***
**DENIED**


**ORDER**


Jayce R. Lesniewski, Esquire, A Delaware Lawyer, Inc., Dover, Delaware for Plaintiff.

Shae L. Chasanov, Esquire, Swartz Campbell, LLC, Wilmington, Delaware for Defendant.


Young, J.

## SUMMARY

Harleysville Mutual Insurance Company ("Defendant") moves to dismiss Dippold Marble & Granite, Inc.'s ("Plaintiff") claim to recover for property losses on the basis of Plaintiff's failure to produce an expert opinion on the value of damages. In the alternative, Defendant moves in limine to reduce the amount of Plaintiff's alleged damages, because Plaintiff is not entitled to the full replacement value of her property.

Because the owner of personalty may testify as to its value, Plaintiff's failure to name an outside expert is not fatal. Accordingly, Defendant's Motion to Dismiss is **DENIED**. Because Plaintiff's insurance contract provides for reimbursement at replacement value, rather than actual cash value, Defendant's Motion in Limine is **DENIED**.

## FACTS AND PROCEDURAL POSTURE

On September 14, 2012, Plaintiff filed a complaint seeking $90,995.92 for damage to personal property stored in a rental unit located at 314 Bay West Boulevard in New Castle, Delaware. Plaintiff claimed that the wall of an adjoining building had collapsed, causing damage to Plaintiff's contents in her rental unit. Plaintiff used the rental unit primarily as a storage facility. To support the value of Plaintiff's damages, Plaintiff produced a seven-page spreadsheet identifying the personal property allegedly damaged, along with the replacement cost for each item.[1] The listed personalty includes household and office items, as well as other chattels.

---

[1] Exhibit A, Plaintiff's Response.

In deposition, Plaintiff, through Megan Dippold, testified that any receipts from the initial purchase of these items were damaged or otherwise unavailable. Plaintiff did not retain any outside expert to assist in the calculation of Plaintiff's damages.

Plaintiff's insurance contract[2] provides for optional coverage by which Plaintiff's covered property losses will be insured at replacement cost rather than at actual cash value, by virtue of the Replacement Cost Option in Exhibit B of Plaintiff's Response.

The deadline for Plaintiff to identify any expert passed on December 6, 2013. A deposition of Plaintiff was taken on February 17, 2014.[3] Exhibit C of Plaintiff's Response is an excerpt of Plaintiff's insurance contract with Defendant. Exhibit D of Plaintiff's Response contains Defendant's Answers to Interrogatories. Exhibit E of Plaintiff's Response contains Defendant's Responses to Plaintiff's Request for Production of Documents. Exhibit H of Plaintiff's Response is a letter, written by Defendant to Plaintiff, discussing portions of a report by the adjuster, Tower Services ("the Tower Services Report").

Defendant filed the instant Motions on April 2, 2014. Plaintiff filed a Response to Defendant's Motions on April 15, 2014.

## STANDARD OF REVIEW

"A motion to dismiss under [Superior Court Civil] Rule 12(b)(6) presents the question of 'whether a plaintiff may recover under any reasonably conceivable set of

---

[2] Exhibit A, Plaintiff's Response.

[3] Exhibit B, Defendant's Motion to Dismiss.

circumstances susceptible of proof under the complaint.'"[4] "When considering a motion to dismiss, the Court must read the complaint generously, accept all well-[pled] allegations as true, and construe them in a light most favorable to the plaintiff."[5] "A complaint is 'well-plead' if it puts the opposing party on notice of the claim being brought against it.[6] Dismissal is warranted only when 'under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted.'"[7]

## **DISCUSSION**

First, Defendant argues that Plaintiff's claim for damages cannot survive, because Plaintiff has produced no expert report or expert designee related to the value of her damages. When damaged goods cannot be repaired, the actual cash value measure of damages is the difference between the value of the goods just before the damaging event and the salvage value immediately after the damaging event.[8] Defendant cites *Storey v. Castner* for the proposition that the value of the property must be produced directly from an expert witness.[9] That reference, however, is not

---

[4] *Precision Air, Inc v. Standard Chlorine of Del., Inc.*, 654 A.2d 403, 406 (Del. 1995).

[5] *Klein v. Sunbeam Corp.*, 94 A.2d 385, 391 (Del. 1952).

[6] *Boyce Thompson Inst v. MedImmune, Inc.*, 2009 WL 1482237 (Del. Super. 2009), citing *Precision Air v. Standard Chlorine of Del.*, 654 A.2d 403, 406 (Del. 1995).

[7] *Id.*, citing *Hedenberg v. Raber*, 2004 WL 2191164, at *1 (Del.Super.).

[8] *Storey v. Castner*, 314 A.2d 187, 191 (Del. 1973).

[9] *Id.*

dispositive. The testimony regarding the valuation of Plaintiff's loss is intended to be provided by Megan Marie Dippold, the principal of the Plaintiff corporation, long identified to Defendant as "corporate designee" of Plaintiff.

The record owner, here Plaintiff, of personal property is qualified by law to testify to the value of such property.[10] That qualification extends through corporate ownership when an employee, particularly a principal, is designated for the purpose and demonstrates requisite familiarity with property value.[11] That familiarity is, of course, subject to cross-examination.

Second, in the alternative, Defendant contends that Plaintiff is not entitled to the full replacement value of her property. Defendant makes this argument on the basis that the depreciation of Plaintiff's items was not taken into consideration. Instead, Plaintiff only considered the full replacement value of her property. Consequently, Defendant proposes that Plaintiff's damages should be discounted by one-third, or discount appropriately for depreciation. That process was followed in *Estate of Mary Barr Corrin* and *Rafal v. Rafal.*[12] *Mary Barr Corrin* stated that, in determining the value of household goods, it is proper to consider any factor that goes to the real value of the article, such as its original cost, condition, age, and damage

---

[10] *Ligon v. Brooks*, 196 A. 200 (Del. Super. 1937) and *Carello v. State of Delaware*, 2004 WL 2520905, at *3 (Del. 2004).

[11] *Eastern Shore Natural Gas Co. V. Glasgow Shopping Center Corp.*, 2007 WL 312476 (Del. Super. 2007) and *State v. Davis*, 335 A.2d 883 (Del. 1976).

[12] 198 A.2d 177 (Del. Ch. March 11, 1964).

it may have suffered before the loss.[13] Otherwise, to allow the full replacement value would allow the plaintiff to receive a windfall.[14]

Similar to facts of the instant case, the plaintiffs in both *Mary Barr Corrin* and *Rafal* sought the replacement value of damaged personal property, without submitting receipts detailing the value of the personal property. In both cases, the Court of Chancery ruled that the replacement value of the items should be considered, but the replacement value should be discounted by one-third to discount appropriately for depreciation.[15]

In response, Plaintiff asserts that Exhibit A in Plaintiff's Response lists the replacement costs for Plaintiff's business personal property losses, and replacement cost is the proper measure of Plaintiff's contract damages claim.

Plaintiff's claim is solely under its insurance contract, which provides Plaintiff with an optional coverage by which Plaintiff's covered property losses will be insured at replacement cost rather than at actual cash value, as demonstrated in Exhibit A of Plaintiff's Response. An excerpt from a Supplemental Schedule to Plaintiff's Policy Declarations shows that Plaintiff's policy included the Replacement Cost Option in Exhibit B of Plaintiff's Response. Further, Plaintiff claims that Defendant has never disputed the amount of replacement costs listed by Plaintiff in Exhibit A, attached to Defendant's Motion to Dismiss.

In this matter, unlike *Rafal* and *Mary Barr Corrin*, the stated option in the

---

[13] *Mary Barr Corrin*, 1993 WL 1500677 at *3.

[14] *Id.*

[15] *Id.*

insurance contract[16] provides for loss assessment at replacement value rather than at actual cash value, specifying that there shall be no deduction for depreciation. Where the language of a policy is clear and unequivocal, the parties are to be bound by its plain meaning.[17]

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED**. Defendant's Motion in Limine to Limit Value of Plaintiff's Damages is **DENIED**.

**IT IS SO ORDERED**.

        /s/ Robert B. Young
           J.

RBY/lmc
oc:   Prothonotary
cc:   Counsel
       Opinion Distribution
       File

---

[16] Exhibit A, Plaintiff's Response.

[17] *ConAgra Foods, Inc. v. Lexington Ins. Co.*, 21 A.3d 62 (Del. April 28, 2011).

7