IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DANIEL SIMMONS AND | : | |
| DEBORAH SIMMONS, | : | |
| Plaintiffs | : | |
| | : | C.A. No.: S16C-12-011-RFS |
| v. | : | |
| | : | |
| GARY FARMER AND SUSSEX | : | |
| VETERINARY HOSPITAL, | : | |
| Defendants | : | |

**MEMORANDUM OPINION**

Upon Defendants' Motion for Summary Judgment. Denied.

Date Submitted: August 23, 2017
Date Decided: November 7, 2017

Timothy G. Willard, Esq., Fuqua, Willard, Stevens, & Schab, P.A., 26 The Circle, P.O. Box 250, Georgetown, Delaware 19947, Attorney for Plaintiffs

Maria J. Poehner, Esq., Law Offices of Jeffery H. Eiseman, 1000 West Street, Suite 1213, Wilmington, Delaware 19801, Attorney for Defendants

STOKES, J.

## I.     INTRODUCTION

This matter is presently before the Court on the motion of the Defendants, Gary Farmer and Sussex Veterinary Hospital (collectively "Defendants"), for partial summary judgment.   The Plaintiffs, Daniel and Deborah Simmons (collectively "Plaintiffs"), oppose the Motion.   For the reasons stated below, Defendants' Motion for Summary Judgment is **DENIED**.

## II.     FACTS

On February 9, 2016, Farmer performed a surgical procedure, on Plaintiffs' seven-year-old Beagle named Lacey.  He was to remove the dog's anal glands, which had been causing her problems for several months.  However, Plaintiffs allege that the surgery was performed negligently, causing additional medical problems for the dog as well as substantial medical costs for the Plaintiffs.  Shortly after the surgery was performed, the stitches on the dog's wound opened and had to be re-stitched by Farmer.  The same day as the re-stitching, the wound opened again and the dog was panting heavily and restless.  Plaintiffs took the dog to Pets ER in Salisbury, Maryland where they learned that immediate surgery was necessary.  The dog was also diagnosed as septic. The dog was taken to Chesapeake Veterinary Hospital in Annapolis, Maryland where four separate surgeries were performed to reconstruct her colon because it had been nicked during the initial surgery.  She stayed at the Chesapeake Veterinary Hospital for 11 days.  Thereafter, the dog suffered from fecal incontinence and recurrent infections.  In June 2016[1], the dog's new veterinarian, Alicia Lovings, discovered that her left anal gland had not been removed and was possibly infected.  The dog was returned to Chesapeake Veterinary Hospital where it was confirmed that the gland was still there, and removed.

---

[1] Plaintiffs' Complaint references the date June 2015, but considering that the initial surgery was performed in February 2016, the Court assumes this was a typographical error.

At the present time, the dog's condition is stable. However, Plaintiffs have had to adjust to her complications post-surgery, including continued incontinence. Plaintiffs have incurred the following expenses, beginning with the initial surgery:

1. Defendants' surgery and follow up: $1,188.57

2. Pets ER: $615.25

3. Chesapeake Veterinary Hospital: $9,099.18

4. Dr. Holly Schoen, veterinarian in Salisbury, Maryland: $258.04

5. Dr. Alicia Lovings, the dog's new veterinarian: $44.88

## III.     STANDARD OF REVIEW

The Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[2] The moving party bears the initial burden of showing no material issues of fact are present.[3] If the moving party properly supports their motion, the burden then shifts to the non-moving party to rebut the contention that no material issues of fact exist.[4] In considering a motion for summary judgment, the Court must review the record in a light most favorable to the non-moving party.[5] The Delaware Supreme Court illustrates the parameters of granting summary judgment as follows:

> Under no circumstances, however, will summary judgment be granted when, from the evidence produced, there is a reasonable indication that a material fact is in dispute. Nor will summary judgment be granted if, upon an examination of all the facts, it seems desirable to inquire thoroughly into them in order to clarify the application of the law to the circumstances.[6]

---

[2] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[3] *Id.* at 681.
[4] *Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 99 (Del. 1992).
[5] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962).
[6] *Id.* at 468.

## IV. PARTIES' CONTENTIONS

Defendants have moved for partial summary judgment. Defendants acknowledge that liability is contested, and that the issue will go to the jury at the August 2018 trial. However, they currently seek to limit the amount of damages recoverable by Plaintiffs. Defendants argue that Delaware law clearly identifies dogs as personal property. Therefore, the correct measure of compensatory tort damages "is the difference between the value of the property before the damage and the value afterward."[7] As a result, the proper measure of damages cannot exceed the dog's fair market value before the surgery. In short, Defendants' write, "Delaware law prevents Plaintiffs from claiming at trial anything other than the fair market value of their 7 year old Beagle…"[8]

Plaintiffs counter that damages in this case are not limited to the loss of personal property because there is also a breach of contract claim. Under contract theories, Plaintiffs could be awarded additional consequential damages. Such consequential damages could be awarded by showing that "at the time of the contract the parties could reasonably have anticipated that these damages would be a probable result of a breach."[9] Thus, Plaintiffs argue that they may recover the costs of the corrective surgery and aftercare because those expenses were foreseeable consequences of a botched initial surgery. According to Plaintiffs, the dog's fair market value is irrelevant to this question. Because there are outstanding issues of material fact, both with regard to the type of damages available and the fair market value of the dog, Plaintiffs asserts that summary judgment at this point is improper.[10]

---

[7] Defs.' Mot. Summ. J. 2.

[8] *Id.*

[9] Pls.' Resp. Defs.' Mot. Partial Summ. J. 3.

[10] Plaintiffs also claim that this Motion for Summary Judgment is premature. In support of this assertion Plaintiffs write, "Discovery is not complete. Plaintiff's expert has not been deposed. Mediation is to occur prior to November 15, 2017. Trial is not scheduled until August 2018." Plaintiffs believe that this Motion is "misplaced and not timely"; the

Defendants addressed the consequential damages argument in their Reply to the Plaintiffs' Response to Defendants' Motion for Summary Judgment. Defendants write, "Plaintiffs cannot convert what is clearly a negligence action to a contract action simply by stating the parties had entered into a contract in an attempt to recover damages that are not available to them under Delaware law."[11] They argue that this is a slippery slope that could "turn every medical procedure performed on persons or property into a contract action."[12] In essence, in Defendants' view, parties should not be allowed to switch between negligence and contract claims when it benefits their ends.

## V.    ANALYSIS

The central questions presented concern the type(s) of damages available to Plaintiffs as well as whether Plaintiffs' may recover any amount above the fair market value of the dog prior to the surgery. If consequential damages are appropriate under the theory of contract, then Plaintiffs could potentially recover their stated damages. However, if compensatory damages under tort theory are the only option, then the damages must be limited to the fair market value of the dog before the surgery, a value likely to be far below the Plaintiffs' requested amount. Additionally, there is the consideration that it may be difficult to ascertain the fair market value of the dog before the surgery, and how to proceed if that is the case.

The Court first turns to whether Plaintiffs may recover consequential damages under the theory of contract. The short answer to this question is: no. This case sounds in tort, so compensatory damages are the sole remedy available.[13] It would be improper for the Court to allow Plaintiffs to

---

issue should be addressed as a motion *in limine* requesting a jury instruction on damages. Defendants argue that they "merely seek a ruling from this Court as to what extent damages are recoverable under Delaware law. This is a question of law, not fact, which is appropriately before this Court by way of Defendants' Motion for Summary Judgment."
[11] Defs.' Reply Pls.' Resp. Defs.' Mot. Summ. J. 2.
[12] *Id.*
[13] *Loman v. Freeman*, 874 N.E.2d 542, 557-58 (Ill. App. Ct. 2006).

turn what is clearly a tort action into a contract action.[14]  In short, consequential contract damages are unavailable to Plaintiffs; they may only recover compensatory tort damages.

Now, the Court considers the compensatory damages available to Plaintiffs.  Tort damages "should put the plaintiff as close as possible to the same position as she was in before the injury."[15] That being said, Delaware courts have specified the remedy for damage to personal property. "[T]he correct measure of damages [for injury to personal property] is the difference between the fair market value of the property before the imposition of the damaging element and the fair market value after the damage has occurred."[16]  Furthermore, under Delaware law, a dog is personal property; therefore, the proper measure of damages is the general market rule.[17]

However, given that the dog at issue in this case is seven years old, the Court must contemplate the possibility that the fair market value of the dog prior to surgery will be difficult to ascertain.[18] In *Naples,* the Court briefly considered this possibility, stating, "… a case involving an injured or killed pound dog may be controlled by case law holding that when the general rule of measuring property damages cannot be followed because no market value can be established, 'the value [of the property] to the owner will be given.'"[19]  Moreover, Delaware law specifically states that a property owner may give an estimate of the value of his or her property, including animals.[20]  There is no need for the owner to show any special skills or experience before giving this valuation.[21]  As stated in *Naples,* it follows that the veterinarian bills and other forms of "repair costs" would be a part of

---

[14] *Delmarva Power & Light Co. v. ABB Power Co., Inc.*, 2002 WL 840564, at *6 (Del. Super. Ct. Apr. 30, 2002).
[15] *Stayton v. Delaware Health Corp.*, 117 A.3d 521, 533 (Del. 2015).
[16] *Klair v. Day*, 1988 WL 4756, at *1 (Del. Super. Ct. Jan. 12, 1988).
[17] *Naples v. Miller*, 2009 WL 1163504, at *2 (Del. Super. Ct. Apr. 30, 2009).
[18] In *Naples*, the dog at issue had been purchased in a market transaction only a few weeks before the injury occurred. As a result, it was not difficult for the parties to agree to the dog's market value before injury.
[19] *Naples*, 1988 WL 4756, at *2.
[20] *Ligon v. Brooks*, 196 A. 200, 201 (Del. Super. Ct. 1937).
[21] *Id.*

this analysis.  However, it should be stated that such expenses are not directly recoverable, as they are in a personal injury action.[22]

Moreover, this measure is not intended to compensate for the sentimental and companionship-related aspects of a dog owner's attachment to his or her animal.[23]

In sum, issues of material fact remain, namely the valuation of the fair market value of the dog before the surgery was completed.  Summary judgment is not appropriate at this stage of the litigation.

## VI.    CONCLUSION

For these reasons, the Court finds that there are outstanding issues of material fact; therefore, Defendants are not entitled to summary judgment as a matter of law.  Thus, Defendants' Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

---

[22] *Naples*, 1988 WL 4756, at *2.

[23] *Strickland v. Medlen*, 397 S.W.3d 184, 195 (Tex. 2013)(holding that a dog's value is its economic value, not value drawn from companionship and other non-commercial considerations); *Carbasho v. Musulin,* 618 S.E.2d 368, 371 (W. Va. 2005)("…sentimental attachment of an owner to his or her dog cannot be considered in the computation of damages."); *Mitchell v. Heinrichs*, 27 P. 3d 309, 313 (Alaska 2001)(holding that a dog's sentimental value cannot be recovered).