SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5256

October 8, 2019

William D. Fletcher, Jr., Esquire
Schmittinger & Rodriguez, P.A.
414 South State Street
P.O. Box 497
Dover, DE 19903-0497

Marc Moreau
Sherri Moreau
5923 Old Shawnee Road
Milford, DE 19963

Marc Moreau
d/b/a Wrenches Auto Repair
5923 Old Shawnee Road
Milford, DE 19963

Re:  *Stuart Bozievich v. Marc Moreau, d/b/a Wrenches Auto Repair,
Marc Moreau, Individually, Sherri Moreau, Individually, and
Jonathan J. Plump*
Civil Action No. S16C-12-004 ESB

Dear Counsel and Mr. and Mrs. Moreau:

This is my decision on Stuart Bozievich's Motion for Reargument.  A

motion for reargument will only be granted if the Court has overlooked controlling

precedent or legal principles, or has misapprehended the law or facts such as

would have changed the outcome of the underlying decision.[1]  I ruled, after an

---

[1] *Kennedy v. Invacare Corp.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).

inquisition hearing, that Bozievich was not entitled to any damages because he had not produced expert testimony about the value of his 1974 Corvette before and after it was damaged in a fire at the Moreaus' garage.

I based my decision on the Delaware Supreme Court's decision in *Storey v. Castner*, where the Court stated the following:

> It has long been the rule in Delaware that the measure of damages in cases of this character is the value of the vehicle damaged immediately before and immediately after the accident. When it is not feasible to repair a damaged automobile, as is the case under the instant facts, the measure of damages is the value of the car just before the accident and its salvage value immediately after the accident. *Estimates of such values must necessarily be produced directly from an expert witness.*[2]

A plain reading of *Storey* explicitly requires expert witness testimony of the before *and* after values of an unrepairable automobile in order to establish damages. Although *Storey's* holding is unambiguous, Bozievich has brought to my attention several cases, decided both before and after *Storey*, which appear to contradict it on this issue. In an effort to provide some clarity to the parties, I will address those decisions here.

---

[2] 314 A.2d 187, 191 (Del. 1973) (emphasis added) (citation omitted).

2

In support of the expert testimony requirement of both before and after values of an unrepairable automobile to establish damages, the *Storey* Court cited its previous decision in *Stuart v. Rizzo*.[3] However, the *Stuart* Court made clear that the owner of the damaged vehicle in that case had been correctly allowed to testify as to the value of his vehicle before the accident.[4] The *Stuart* Court provided its reasoning, stating:

> An owner may testify as to the value of his vehicle before the accident – this on the theory that, being familiar with his property, he is presumed to know its worth in a general way. We know of no comparable theory, however, upon which the ordinary owner may be presumed to know the value of his vehicle in damaged condition. Such knowledge must necessarily come from an expert witness, whose testimony must be produced directly, and not by hearsay.[5]

Essentially, the *Stuart* Court held that mere ownership of personal property was enough to support a general knowledge of the property's value, at least insofar as to make an owner's testimony in this regard admissible in court. The *Storey* Court did not address this apparent contradiction.

The *Stuart* Court's holding that an owner may testify as to the value of his vehicle before an accident is based on longstanding Delaware case law on the

---

[3] 242 A.2d 477 (Del. 1968).
[4] *Id.* at 480.
[5] *Id.* (citation omitted).

admissibility of lay witness testimony concerning the value of property.[6] Additionally, the rationale supporting the admissibility of such testimony has been applied in various contexts in more recent Delaware cases.[7]

Thus, when it is all said and done, it was permissible for Bozievich to testify about the value of his 1974 Corvette before the fire, but not the value of it after the fire. Bozievich needed an expert to do that and he did not have one, making it impossible for me to calculate the damages that he may have been entitled to. A damages claim must be proven, it may not be speculative or conjectural.[8] I will note that Bozievich testified that his 1974 Corvette had a salvage value of $600.00. It was certainly worth something. If Bozievich's 1974 Corvette had been totally destroyed in the fire, then a decision that it was worth nothing would have been reasonable. That was not the case, as evidenced by Bozievich's testimony and the post-fire picture of the car which showed that the Corvette

---

[6] *See State v. 0.15 Acres of Land, etc.*, 169 A.2d 256, 257 (Del. 1961); *see also Ligon v. Brooks*, 196 A. 200 (Del. Super. Nov. 22, 1937).
[7] *See E. Shore Nat. Gas Co. v. Glasgow Shopping Ctr. Corp.*, 2007 WL 3112479 (Del. Super. Oct. 3, 2007) (allowing testimony from a corporation's agent as to the value of condemned real estate); *Atwell v. RHIS, Inc.*, 2007 WL 625277 (Del. Super. Feb. 14, 2007) (permitting testimony from owner on value of personal property including clothing and children's toys); *McNair v. Automart, LLC*, 2016 WL 6477028 (Del. Com. Pl. Nov. 2, 2016) (allowing owner testimony as to value of his automobile before conversion).
[8] *Atwell*, 2007 WL 625277, at *1.

4

suffered a bit of smoke damage, but was certainly not totally destroyed.

Therefore, I will deny Bozievich's Motion for Reargument.

IT IS SO ORDERED.

Very truly yours,

E. Scott Bradley

ESB:tll

cc:    Prothonotary's Office